GARRETT, Judge,
concurring specially.
This court in Graley v. State, 551 So.2d 474 (Fla. 4th DCA 1989), affirmed the trial court’s denial of appellant’s motion to withdraw his plea. In that first appeal, appellant argued that he involuntarily entered his plea because trial counsel misadvised him about his eligibility to be sentenced as a youthful offender. In this appeal, appellant seeks post conviction relief because the misadvice and trial counsel’s failure to file a motion to dismiss based on entrapment amounted to ineffective assistance of counsel.
Trial counsel began plea negotiations after the trial court denied appellant’s motion to disclose the identity of the confidential informant that introduced appellant to the undercover police officers. The state agreed to waive the fifteen year mandatory minimum sentence if appellant performed “substantial assistance.” A month later the trial court imposed the mandatory minimum sentence because appellant failed to perform “substantial assistance.”
At the evidentiary hearing on appellant’s 3.850 motion, trial counsel admitted that because of cocaine use he failed to raise the entrapment defense to avoid a trial and gave the misadvice to appellant.
In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court established a two prong test to determine the ineffectiveness of counsel. First, counsel’s conduct must have undermined the proper function of the adversary process to the extent that the proceeding cannot be relied on as having produced a just result and second, but for counsel’s errors a reasonable possibility exists that the outcome would have been different. I respectfully submit that appellant failed to establish either prong.
My review of the record of the plea colloquy and the two sentencing hearings does not convince me that appellant established that defense counsel’s conduct undermined the adversary process of the proceedings or that this court should not rely on the results of those proceedings.
*812 Further, no reasonable possibility exists for the outcome to be different. This court has already affirmed the voluntariness of appellant’s plea despite the misadvice he received about his eligibility to be sentenced as a youthful offender. The result of that first appeal remains the same, the plea does not become involuntary because we now know that defense counsel was under the influence of cocaine when he gave the misadvice to appellant. Also, present appellate counsel does not argue that the trial would have produced a different result. He concedes that “[i]t is difficult, if not impossible to assess what could have happened, had this matter gone to trial” and only argues that appellant had nothing to lose by going to trial.